## Case No. 9,042.

### MANNING v. COX.

[4 Cranch, C. C. 693.] [1]

Circuit Court, District of Columbia. March Term, 1836.

ASSUMPSIT—SERVICES RENDERED—VOLUNTARY.

The defendant's male slave, being, by consent of the plaintiff and defendant, at the plaintiff's house, upon a visit to his wife, who was the slave of the plaintiff, was taken suddenly ill of the smallpox, and, after being nursed three weeks by the plaintiff, died at her house. The defendant, as soon as he knew of the sickness of his slave, offered to remove him to his own house, but the plaintiff would not consent to the removal. Upon this evidence, the court instructed the jury that the plaintiff could not recover.

The plaintiff's original declaration contained three counts, namely, 1. Indebitatus assumpsit for $100 for work, and labor, &c., in nursing the defendant's slave, at the defendant's request, while sick of the smallpox, at the plaintiff's house. 2. For money paid, laid out, and expended, at the defendant's request, for the like purpose. 3. Insimul computassent.

The plaintiff [Martha Manning] afterward filed an amended declaration, with four counts. The first charged that the defendant's slave, being, by the order and direction of the defendant [Florentius Cox], on a visit at the plaintiff's house, was suddenly taken sick with the smallpox, and after lingering a long time, died at the plaintiff's house, and the plaintiff, during that time, nursed the said slave, &c. 2. That the plaintiff, at the special instance and request of the defendant, permitted the slave to visit and sojourn at the plaintiff's house, and while there he was taken sick of the smallpox; and after lingering a long time died at the plaintiff's house; during which time the plaintiff nursed him, &c. 3. The third count stated, that, while the slave was visiting and being in the plaintiff's house, with the privity and consent of the defendant, he was suddenly taken sick, &c. 4. The fourth count stated that the defendant, as owner of the slave, "was bound, by law, to make

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

all necessary provision for said slave, when he should be taken sick, and him to nurse and attend, or procure to be nursed and attended." That, while the defendant's slave was at the plaintiff's house, he was taken so suddenly ill with smallpox that he could not leave the plaintiff's house without great danger to his life; of which disease he lingered a long time, to wit, six months, and then died; so that, during the whole time of his sickness, the plaintiff was "necessitated" to nurse and attend him, and administer diet to him to keep him from dying for want of attention. "And the plaintiff avers that the case of the said slave was so pressing, and of such a character, that she was compelled to render services without a, previous application to, or employment of, the said defendant. Nevertheless, the said defendant has wholly neglected and failed to compensate the plaintiff for her services and trouble in that behalf rendered, as he was bound to do, by law. Of all which matters the defendant had notice, &c. By means of which said several premises, the plaintiff hath sustained great loss by being compelled to send her children out of her house, &c., &c."

The evidence was, that the wife of the defendant's slave, was the slave of the plaintiff, and that he was permitted from time to time, to visit his wife, with the consent of the plaintiff and defendant. That on one of these visits, he was taken sick, and after lingering three weeks, died at the plaintiff's house. That the defendant, as soon as he heard of his slave's illness, offered to remove him to his own house, but the defendant would not consent to it.

R. J. Brent, for plaintiff, contended that an action will lie upon any breach of duty by the defendant; and that it was his duty to compensate the plaintiff for her services and trouble in nursing the defendant's slave. 1 Saund. Pl. & Ev. 337, 338, 413; 1 Evans' Harr.; 1 Wheat. Selw. N. P. 36.

Z. C. Lee, for defendant, prayed the court to instruct the jury, that the evidence did not support the declaration.

And THE COURT (CRANCH, Chief Judge, contra), gave the instruction as prayed.

MORSELL, Circuit Judge, observing that if the whole evidence was believed by the jury, the plaintiff was not entitled to recover.

CRANCH, Chief Judge, said, that to support the plaintiff's action upon this declaration, she must satisfy the jury that there was a duty on the part of the defendant to be violated by not compensating the plaintiff for the services stated in the declaration. But there was no such duty, unless the services were performed at the request of the defendant, either express or implied; and that if they were rendered upon a sudden emergency, and were beneficial to the defendant, his assent might be presumed, unless the contrary appeared in evidence.